UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-62479-CIV-DIMITROULEAS

DANIEL FIGUEROA, SANDRA PEREZ
and TAHIR WASEEM, on their own
behalf and others similarly situated,

      Plaintiffs,

v.

ADVANTAGE OPCO, LLC, d/b/a
Advantage Rent a Car and E-Z Rent A
Car, LLC,

      Defendants.
_____/

## AMENDED COMPLAINT

1. Plaintiffs, DANIEL FIGUEROA, SANDRA PEREZ and TAHIR WASEEM (hereinafter referred to as "Plaintiffs"), were employees of Defendant, ADVANTAGE OPCO, LLC, d/b/a Advantage Rent a Car ("ARC") and/or its affiliated entity, E-Z Rent A Car, LLC ("E-Z") (ARC and E-Z together referred to as "Defendants"), and bring this action on behalf of themselves and other current and former similarly situated employees for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Plaintiffs were employees of Defendants, and performed their duties in Ft. Lauderdale, Florida, which is within the jurisdiction of this Court.

3. Plaintiff FIGUEROA worked for Defendants from 2013 to May 2015.

4. Plaintiff PEREZ worked for Defendants from April 2012 to July 2015.

5. Plaintiff WASEEM worked for Defendants from February 2012 to July 2015.

6. Defendants are affiliated Delaware limited liability companies with their principal place of business in Orlando, Florida.

7. This action is brought to recover unpaid overtime compensation from Defendants, in addition to liquidated damages, and costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 216 (b).

8. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216(b).

9. At all times pertinent to this Amended Complaint, Defendants were affiliated enterprises engaged in commerce or in the production of goods for commerce as defined by §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s), and each had an annual gross sales volume in excess of $500,000.00.

10. Venue is proper pursuant to 28 U.S.C. §1391. The Court has jurisdiction over Defendants and Plaintiffs and any other plaintiffs joining this lawsuit. Acts giving rise to the claims asserted herein occurred, at least in part, in Broward County, Florida.

11. The records, if any, concerning the number of hours actually worked, and the compensation actually paid to Plaintiffs and other similarly situated employees are in the possession and custody of Defendants.

12. During Plaintiffs' employment, they were misclassified as exempt salaried Customer Service Managers or in similarly titled positions ("CSMs").

13. In the course of employment with Defendants, Plaintiffs and other similarly situated employees were not paid time and one-half of their regular rates of pay for *all* hours worked in excess of forty (40) hours per week during one or more work weeks.

14. Plaintiffs have retained the undersigned counsel to represent them in this action. Pursuant to 29 U.S.C. §216(b), Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

15. The additional persons who may become Plaintiffs in this action are current and former salaried CSMs who worked more than 40 hours in any work week during their employment with Defendants during or after November, 2012, but were not compensated for all of those overtime hours because Defendants misclassified them as exempt from overtime pay under the FLSA.

16. Plaintiffs demand a jury trial.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

17. Plaintiffs readopt and reallege the allegations contained in paragraphs 1 through 16 above as though fully set forth herein.

18. During Plaintiffs' employment as CSMs, they were misclassified as exempt from overtime provisions of the FLSA.

19. Plaintiffs' primary duties were waiting on customers at the vehicle rental counter, driving vehicles from one location to another and general customer service.

20. Plaintiffs regularly worked over forty hours during one or more work weeks during their employment.

21. At all times material to this Amended Complaint, Defendants failed to comply with 29 U.S.C. § 201-209 in that Plaintiffs and other similarly situated employees performed services for Defendants for which no provisions were made by the Defendants to property pay them for those hours worked in excess of forty within a work week.

22. Plaintiffs and all the other similarly situated employees are entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) hours per work week.

23. In the course of their employment with Defendants, Plaintiffs and other similarly situated employees were not paid time and one-half of their regular rates of pay for all hours worked in excess of forty hours per week during one or more work weeks.

24. Instead, Defendants paid Plaintiffs a flat weekly salary, with no additional compensation for the overtime hours they worked.

25. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiffs and all the other similarly situated employees have suffered damages, plus incurred costs and reasonable attorney's fees.

26. As a result of Defendants' willful violation of the Act, Plaintiffs and the other similarly situated employees are entitled to liquidated damages.

WHEREFORE, Plaintiffs, DANIEL FIGUEROA, SANGRA PEREZ and TAHIR WASEEM, and other similarly situated employees, demand judgment against Defendants, ADVANTAGE OPCO, LLC, d/b/a Advantage Rent a Car and E-Z Rent A Car, LLC for the payment of all overtime hours at one and one-half times their regular rate of pay, liquidated damages and reasonable attorneys' fees and costs of suit, and such further relief that this Court deems just and appropriate.

Dated: February 14, 2017
Boca Raton, Florida

Respectfully submitted,

**/s/ Alan L. Quiles**
Alan L. Quiles

          Gregg I. Shavitz, Florida Bar No. 011398
          E-Mail: gshavitz@shavitzlaw.com
          Alan L. Quiles, Florida Bar No. 62431
          E-Mail: aquiles@shavitzlaw.com
          Shavitz Law Group, P.A.
          1515 South Federal Hwy, Suite 404
          Boca Raton, FL 33432
          Tel: 561-447-8888; Fax: 561-447-8831

          **Attorneys for Plaintiffs and the Collective**

## CERTIFICATE OF SERVICE

      I hereby certify that on February 14, 2017, I electronically filed the foregoing document, as an exhibit to Plaintiff's Agreed Motion for Leave to Amend Complaint, with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

          **/s/ Alan L. Quiles**
          Alan L. Quiles

## SERVICE LIST
*Figueroa et al  v. Advantage Opco, LLC et al*
*CASE NO: 0:15-cv-62479-WPD*
*United States District Court, Southern District of Florida*

Steven A. Siegel
ssiegel@laborlawyers.com
FISHER & PHILLIPS, LLP
450 East Las Olas Boulevard
Suite 800
Ft. Lauderdale, Florida 33301
Telephone: (954) 525-4800
Facsimile: (954) 525-8739
Served via CM/ECF